IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTA CABILTES, on behalf of herself and all others similarly situated, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| ULTA SALON, COSMETICS & FRAGRANCE, INC; GLAMST, LLC; ADVICE ME SRL; and PERFECT CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Krista Cabiltes ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her attorneys, James L. Simon of Simon Law Co., Michael L. Fradin of Fradin Law, and their associated attorneys, and brings this class action complaint against Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"); GlamST, LLC ("GlamST"); Advice ME SRL ("Advice Me"); and Perfect Corp. ("Perfect Corp.") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 23 and alleges as follows:

## NATURE OF THE ACTION

1. This is a Class Action for money damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.*, ("BIPA") in that Defendants illegally collected, stored and used Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without informed written consent, in direct violation of BIPA.

2. Illinois legislature has recognized that "[b]iometrics are unlike other unique

1

identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.* In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)) Illinois enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a) and (b).

3. In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, the Defendants collected, stored, and used – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of hundreds or more unwitting Illinois resident citizens.

4. If Defendants' database of biometric information were to fall into the wrong hands, by data breach or otherwise, the users to whom these sensitive biometric identifiers belong could have their identities stolen. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their use of Defendants' virtual shopping platforms. Yet Defendants never adequately informed anyone of their biometrics collection practices, never obtained written consent from users and former regarding their biometric practices, and never provided any data retention or destruction policies

to anyone.

5. Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23 and on behalf of all others similarly situated ("the Class"), bring this action against for claims against Defendants relating to actual harm and injury suffered by Plaintiff and others who are similarly situated.

## PARTIES

### I. PLAINTIFF

6. Plaintiff, Krista Cabiltes, is and at all times relevant to this action was, domiciled in Illinois.

7. Plaintiff has been a customer of Ulta's within the five years preceding the filing of this Action.

8. As part of their shopping experience, Ulta encouraged or required Plaintiff to use their "GLAMlab" and other "Virtual Beauty Programs" which Plaintiff did in fact use within the five years preceding the filing of this Action.

9. As part of this virtual shopping experience, Defendants collected and retained Plaintiff's facial scans, facial geometry, hand scans and hand geometry.

10. At no time was Plaintiff informed in writing that her biometric information was being collected or stored or of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

11. At no time did Plaintiff execute a writing releasing or permitting Defendants to utilize his biometric information.

12. At no time was Plaintiff provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of her biometric information.

### II. DEFENDANTS

13. Defendant Ulta is a health and beauty company which utilizes both brick and mortar stores and a robust online marketplace to reach its many customers.

14. As part of its online shopping marketplace, Ulta utilizes "GLAMlab" which allows customers to try on various cosmetic products virtually. *See* https://www.ulta.com/innovation/glamlab/ (last visited Feb. 2, 2023).

15. In order to offer this virtual try-on experience, Ulta has acquired and partnered with various biometric technology and artificial intelligence companies, including but not limited to, GlamST, Advice Me and Perfect Corp.

16. According to Ulta, its customers' biometric information is collected and stored by collectively by Ulta Salon, Cosmetics & Fragrance, Inc., Ulta Inc.; GlamST, LLC; QM Scientific; Advice Me SRL; and Perfect Corp. Ulta refers to these entites collectively as its "Virtual Beauty Companies."

17. As part of the GLAMlab and other Virtual Beauty Programs, Defendants collect and retain Plaintiff's and other customers' facial scans,, facial geometry, hand scans, and hand geometry..

18. Such geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Defendants' unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Defendants' database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Defendants' users have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

19. However, Defendants do not inform their users in writing that biometric identifiers or information will be collected or stored.

20. Defendants do not inform their users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used.

21. Defendants do not receive written releases from their users for the collection of his or her biometric identifiers or information.

22. Defendants do not publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.

**JURISDICTION AND VENUE**

23. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

24. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred withing this judicial district.

25. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

26. At all relevant times, Plaintiff is domiciled in the state of Illinois.

27. At all relevant times, Ulta is incorporated under the laws and jurisdiction of the state of Delaware with its principal place of business located at 1000 Remington Boulevard, Suite 120, Bolingbrook, IL 60440.

28. At all relevant times, GlamST is incorporated under the laws and jurisdiction of the state of Delaware with its principal place of business located at 44 Tehama Street, San Francisco, California, 94105.

29. At all relevant times, Advice Me is incorporated under the laws and jurisdiction of Italy with its principal place of business located at Circonvallazione Clodia 163/171, 00195, Roma, Italy.

30. At all relevant times, Perfect Corp. is incorporated under the laws and jurisdiction of Taiwan with its principal place of business located at 1073 South Winchester Blvd San Jose, CA 95128

## FACTS COMMON TO ALL COUNTS

### I. Illinois' Biometric Information Privacy Act

31. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

32. Section 15 (a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of

6

the individual's last interaction with the private entity, whichever occurs first. 740 ILCS 14/15(a).

33. As alleged herein, Defendants' practice of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of § 15(b) of BIPA. Defendants' failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

## II. Defendants' Utilization of Biometric Information to Advance their Commercial Interests

34. Defendants have implemented biometric technology including face scans and hand scans to enhance their users' online shopping experience and/or in in furtherance of Defendants' role in operating, managing, conducting or directing their common business interests.

35. Plaintiff's biometric information was collected, captured, stored and used by Defendants in furtherance of the commercial interests of Defendants.

## III. Defendant's Violations of Illinois' Biometric Information Privacy Act

36. Defendants utilized their face and hand scans for the purposes of establishing and furthering their presence in the online health and beauty marketplace.

37. Upon investigation and belief, Defendants are violating BIPA in collecting and storing the biometric information of all of their Illinois users, as Defendants are not first informing users in writing that their biometric information is or will be collected and stored; Defendants are not first informing users in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used; nor are Defendants first securing written releases from each respective user.

**CLASS ACTION ALLEGATIONS**

38. This action is brought by the named Plaintiff on her own behalf and on behalf of a proposed Class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23, defined as follows: All Illinois citizens who had their biometric identifiers, information or data captured, collected, stored or used by the Defendants in violation of 740 ILCS 14/1, et. seq.

39. All members of the proposed Class are citizens of Illinois. The principal injuries resulting from the alleged conduct or any related conduct were incurred in Illinois.

40. The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of the Defendants, and it is believed that the Class includes thousands of members.

41. Common questions of law or fact arising from the Defendants' conduct exist as to all members of the Class, as required Fed. R. Civ. P. 23. These common questions include, but are not limited to, the following:

    a. Whether the Defendants captured, collected, stored or used the biometric information of Plaintiff and the Class?

    b. If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing that a biometric identifier or biometric information was being collected or stored?

    c. If the Defendants captured, collected, stored or used the biometric information of the Plaintiff's and the Class, did the Defendants inform the Plaintiff and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

    d. If the Defendants captured, collected, stored or used the biometric information of the Plaintiff's and the

8

        Class, did the Defendants receive a written release executed by the Plaintiff and the Class of the biometric identifier or biometric information or the Plaintiff's or Class' legally authorized representative?

    e.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff's and the Class, did the Defendants develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

    f.    Whether Defendants required users to provide biometric information?

    g.    Whether the Defendants captured, collected, stored or used the biometric information of customers?

42. Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense or duplication. The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

43. Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions. Concentrating this litigation in one forum would aid judicial economy and efficiency,

promote parity among the claims of individual Class members, and result in judicial consistency.

44. Plaintiff will fairly and adequately protect the interests of the Class which Plaintiff represents. The interests of Plaintiff, as the Class representative, is consistent with those of the members of the Class. In addition, Plaintiff is represented by counsel experienced in complex and class action litigation.

45. The prosecution of separate actions by individual members of the Class would create a risk of:

    a. Inconsistent or varying adjudications with respect to individual members of the Class; and

    b. Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

46. Plaintiff and Class members envision no unusual difficulty in the management of this action as a Class action.

## COUNT I
**Violation of 740 ILCS 14/1 et seq. (On Behalf of Plaintiff and the Class)**

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Defendants are duly licensed to transact business in the State of Illinois.

49. Defendants each are a "private entity" pursuant to BIPA.

50. Defendants are private entities that collect biometric information from many of their users.

51. BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored; (2) informs the subject. . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

52. Plaintiff and the Class Members are Illinois citizens that had their "biometric information" collected and stored by Defendants or their agents through, *inter alia*, copying/recording of their respective facial and hand geometry and possibly other individual biometric data points.

53. Defendants' receipt, collection, storage, and/or trading of the Plaintiff's and Class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

54. Also, Defendants failed to properly inform the Plaintiff or the Class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

55. Similarly, Defendants failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the Plaintiff or Class members, as they were required to do pursuant to 740 ILCS 14/15(a). The failure by Defendants to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

56. Upon information and belief, Defendants disclosed Plaintiff's and the Class members' biometric identifiers and biometric information to at least one third-party vendor.

57. Defendants' collection, storage, trading, and/or use of the Plaintiff's and Class

11

members' biometric identifiers, information or data described herein, violates the rights of Plaintiff and each Class member to keep private this information, as provided in BIPA.

**WHEREFORE**, individually, and on behalf of the proposed Class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Defendants violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendants violations of BIPA were negligent; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

## SECOND CAUSE OF ACTION
### Negligence
**(On Behalf of Plaintiff and the Class)**

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Defendants owed Plaintiff and the Class members a duty of reasonable care. That duty required that Defendants exercise reasonable care in the collection and use of Plaintiff's and the Class members' biometric data.

54. Additionally, Defendants owed Plaintiff and the Class members a heightened duty – under which it assumed a duty to act carefully and not put Plaintiff and the Class members at undue risk of harm because of the relationship of the parties.

55. Defendants breached their duties by failing to implement reasonable procedural safeguards around the collection and use of Plaintiff's and the Class members' biometric identifiers and biometric information.

56. Specifically, Defendants breached their duties by failing to properly inform Plaintiff and the Class members in writing of the specific purpose or length for which their biometric information was being collected, stored, and used.

57. Defendants also breached their duties by failing to provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class members' biometric data.

58. Upon information and belief, Defendants breached their duties because they lack retention schedules and guidelines for permanently destroying Plaintiff's and the Class members' biometric data and has not and will not destroy Plaintiff's or the Class members' biometric data when the initial purpose for collecting or obtaining such data has been satisfied within three years of individuals' last interactions with the company.

59. These violations have raised a material risk that Plaintiff's and the Class members' biometric data will be unlawfully accessed by third parties.

60. Defendants' breach of their duties proximately caused and continues to cause an invasion of Plaintiff's and the Class members' privacy.

**Wherefore**, Plaintiff seeks an order declaring that Defendants' conduct constitutes negligence and awarding Plaintiff and the Class members damages in an amount to be calculated at trial.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated: February 7, 2023 Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com